**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JIMMIE ESTES THOMPSON,

Defendant-Appellant.

No. 10-5083
(D.C. No. 4:10-CR-00004-CVE-1)
(N. Dist. Okla.)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Jimmie Estes Thompson was charged with bank robbery and firearms offenses in violation of 18 U.S.C. §§ 2113(a), 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(e)(1), and 922(g)(1). Before trial, he filed a motion to suppress evidence seized during a warrant-based search of his automobile. The motion requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), arguing that material information was intentionally or recklessly omitted from the search

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with the terms and conditions of Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

warrant affidavit. The district court held an evidentiary hearing and denied his motion. A jury subsequently found him guilty of all counts. He now appeals his conviction, contending the evidence from his vehicle should have been excluded under *Franks*, 438 U.S. 154. We affirm.

Two bank robberies occurred in Tulsa, Oklahoma in September and October 2009. The first was committed at a MidFirst Bank. The robber showed the handle of a gun and gave the bank teller a note with the words "100-50-20. This is a robbery." Rec., vol. II at 20. Eyewitnesses provided descriptions of the robber and reported that he fled in a purple Mercury Cougar or Pontiac Bonneville. Security cameras in the bank and from a nearby business filmed the robbery and showed the robber fleeing in a Mercury Cougar. The Tulsa Police Department ("TPD") released surveillance images of the robber to the media.

One week later, an IBC Bank was robbed. A similar note was used in this robbery. Security cameras filmed the robbery, and witnesses reported that the robber fled in a silver Chevrolet HHR. Police again released photos of the robber to the media

After the second robbery, the TPD received tips from a confidential informant and an anonymous informant, both of whom identified Mr. Thompson as the robbery suspect. The anonymous informant also provided a physical description of Mr. Thompson and claimed he drove a purple Mercury Cougar. TPD Detective Chris Stout, who was investigating the robberies, and two other

TPD officers compared photos of Mr. Thompson to the security video images and concluded Mr. Thompson was the bank robber.

A third individual contacted the Nowata County Sheriff's Office about the robberies. He explained that he had previously been incarcerated with Mr. Thompson and had come into contact with Mr. Thompson at the Claremore Indian Hospital, where he was trying to avoid law enforcement. The informant stated that Mr. Thompson had admitted to committing two robberies and had dyed his hair orange.

Law enforcement officials found Mr. Thompson, with bleached hair, in a purple Mercury Cougar in the Claremore Indian Hospital parking lot. They arrested him and towed his vehicle to a storage unit. In the meantime, police showed a photographic lineup, which included Mr. Thompson, to four eyewitnesses. None of the eyewitnesses identified any of the individuals in the photos as the robber.

Detective Stout prepared an affidavit for a warrant to search Mr. Thompson's car, which Claremore Police Department Investigator John Singer signed as the affiant. The affidavit described the getaway car from the first robbery as a "1990's model Mercury Cougar two door, purplish colored vehicle," and the second getaway car as a silver Chevrolet HHR. Rec., vol. I at 36. It provided eyewitness descriptions of the robber, and noted that "the suspect in both bank robberies resembled the same description and in both cases the suspect

-3-

presented a similar hand written robbery note." *Id.* The affidavit described information police received from the anonymous caller, who identified Mr. Thompson and described his purple Mercury Cougar, and the tip police had received that Mr. Thompson and his Mercury Cougar were at the Claremore Indian Hospital, where police observed and arrested him. It also stated, "Detectives observed that Jimmie Thompson matched the person seen in the video surveillance images" from the robberies. *Id.* at 36-37. The affidavit did not mention that four eyewitnesses had failed to identify Mr. Thompson as the robber in a photo lineup, nor that at least one witness of the first robbery described the getaway car as a Bonneville.

The search warrant was issued. During the search, officers found the title to the vehicle, which was in Mr. Thompson's name, clothing, a newspaper, and a semi-automatic firearm.

Under *Franks*, 438 U.S. at 155-56,

[w]e exclude evidence discovered pursuant to a search warrant when (1) a defendant proves by a preponderance of the evidence "the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) after excising such false statements and considering such material omissions we conclude the corrected affidavit does not support a finding of probable cause."

*United States v. Campbell*, 603 F.3d 1218, 1228 (10th Cir. 2010) (quoting *United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008)) (alterations omitted); *see also United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir.

-4-

1997). "The standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions as well as affirmative falsehoods." *United States v. McKissick*, 204 F.3d 1282, 1297 (10th Cir. 2000). An omission is material if it is "so probative as to negate probable cause." *Stewart v. Donges*, 915 F.2d 572, 582 n.13 (10th Cir. 1990).

In his motion to suppress, Mr. Thompson contended *Franks* applies because Officer Singer intentionally or recklessly misled the magistrate by omitting from the affidavit information about the photographic lineup and a witnesses's description of the first getaway car as a Bonneville. After the evidentiary hearing, the district court found Mr. Thompson had failed to show Officer Singer omitted the information to mislead the magistrate. The court also found that, even assuming the information was omitted knowingly or with reckless disregard for the truth, Mr. Thompson had failed to show the omissions were material. Finally, the court found pursuant to *United States v. Leon*, 468 U.S. 897 (1984), that even if the warrant was invalid, the officers relying on the warrant had acted in good faith and therefore the evidence was not subject to the exclusionary rule. Mr. Thompson appeals the district court's *Franks* ruling, but he does not appeal the court's alternative finding that the good faith exception would apply even if the warrant lacked probable cause.

We review de novo the district court's ultimate determination of reasonableness under the Fourth Amendment, but we accept the district court's

factual findings unless they are clearly erroneous. *United States v. Avery*, 295 F.3d 1158, 1167 (10th Cir. 2002). "Specifically, we review for clear error the district court's findings regarding the truth or falsity of statements in the affidavit and regarding the intentional or reckless character of such falsehoods. Whether a corrected affidavit supports a finding of probable cause is a question of law that we review de novo." *Garcia-Zambrano*, 530 F.3d at 1254 (citations omitted).

We agree with the district court that the omitted information was immaterial and does not negate probable cause if it were included in the affidavit. The failure of witnesses to identify Mr. Thompson as the suspect from a photo lineup does not negate probable cause. The affidavit explained that detectives determined Mr. Thompson matched the images from the surveillance video. It also described the anonymous tip that identified Mr. Thompson as the robber. More importantly, Mr. Thompson was found in a purple Mercury Cougar that matched the getaway car from the first robbery. Even if a description of the photo lineup had been included in the affidavit, we conclude the affidavit still would have supported the issuance of a warrant. Similarly, a witness's identification of the first getaway car as a Pontiac Bonneville was immaterial. Other eyewitness testimony described the getaway car as a purple Mercury Cougar and surveillance video corroborated their description of the car. The affidavit discussed an anonymous call that identified the suspect as Mr. Thompson and described his car as a purple Mercury Cougar. The affidavit also

explained Mr. Thompson was found in an automobile that matched this getaway car. A witness's description of the getaway car as a Pontiac Bonneville would not have defeated probable cause. Since neither of these pieces of information, separately or together, would negate probable cause, the omitted information was immaterial. The district court properly denied Mr. Thompson's motion to suppress.

Because the information omitted from the affidavit was immaterial to the magistrate's probable cause determination, we need not determine whether the omissions were the result of "reckless disregard for the truth" or a "deliberate falsehood." *See Kennedy*, 131 F.3d at 1376-77. Similarly, because the warrant was supported by probable cause, we need not consider whether, if the warrant had been invalid, the evidence would nonetheless be admissible under the good-faith exception to the exclusionary rule, as provided in *United States v. Leon*, 468 U.S. 897 (1984).

For the foregoing reasons, we **AFFIRM** Mr. Thompson's convictions.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge